Bingham McCutchen LLP
COLIN C. WEST (SBN 184095)
colin.west@bingham.com
RICK ROTHMAN (SBN 142437)
rick.rothman@bingham.com
Three Embarcadero Center
San Francisco, California 94111-4067
Telephone: 415.393.2000
Facsimile: 415.393.2286

Attorneys for Third-party Defendant
DOMINO FOODS, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

AMERICAN LICORICE COMPANY

Plaintiff,

vs.

TOTAL SWEETENERS, INC.; individually and doing business as BATORY FOODS, INC., and DOES 1 through 10 Inclusive

Defendant.

TOTAL SWEETENERS, INC., individually and doing business as BATORY FOODS,

Third-party Plaintiff,

vs.

SAVANNAH SUGAR REFINERY, a subsidiary of IMPERIAL SUGAR COMPANY; IMPERIAL SUGAR COMPANY; IMPERIAL DISTRIBUTING, INC.; DOMINO FOODS, INC.; and ROES 1 through 10, inclusive,

Third-party Defendants.

CASE No. 2013-cv-01929 EMC

**THIRD-PARTY DEFENDANT DOMINO FOODS, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS THIRD-PARTY PLAINTIFF BATORY FOODS' THIRD-PARTY COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Date: Thursday, November 21, 2013
Time: 1:30 p.m.
Judge: Hon. Edward M. Chen
Courtroom: 5

Complaint Filed: September 17, 2013

**TABLE OF CONTENTS**

**Page(s)**

I. INTRODUCTION ..... 2
II. BACKGROUND ..... 3
III. ARGUMENT ..... 4
A. The Court Should Dismiss The Case For Improper Venue. ..... 4
B. The Complaint Should Be Dismissed For Failure to State a Claim. ..... 7
1. Batory's Claims For Express Indemnification And Breach of Warranty Fail to State a Claim. ..... 8
C. Plaintiff's Fifth and Sixth Causes of Action Fail to State a Claim. ..... 10
D. Batory's Claims For Declaratory Relief Fails to State a Claim. ..... 11
IV. CONCLUSION ..... 11

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Allen v. Westpoint-Pepperell, Inc.*, 945 F.2d 40 (2d Cir. 1991) ........ 8

*Apodaca v. Haworth*, 206 Cal. App. 2d 209, 23 Cal. Rptr. 461 (1962) ........ 10

*Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320 (9th Cir.1996) ........ 5

*Arista Records, LLC v. Doe 3*, 604 F.3d 110 (2d Cir. 2010) ........ 7, 9

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ........ 2, 7

*Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) ........ 2, 7

*Bright v. Evonik Cyro, LLC*, 2012 WL 811221 (E.D. Ark. Mar. 12, 2012) ........ 8, 9

*Bush Terminal Bldgs. Co. v. Luckenbach S.S. Co.*, 11 A.D.2d 220 (N.Y. App. Div. 1st Dep't 1960) ........ 10

*Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 111 S. Ct. 1522, 113 L. Ed. 2d 622 (1991) ........ 5, 6

*Chan v. Society Expeditions, Inc.*, 123 F.3d 1287 (9th Cir. 1997) ........ 5

*Cola Bottling Co. v. Lucky Stores, Inc.*, 11 Cal. App. 4th 1372 (1992) ........ 10

*Deiro v. American Airlines, Inc.*, 816 F.2d 1360 (9th Cir. 1987) ........ 5

*Doe 1 v. AOL LLC*, 552 F.3d 1077 (9th Cir. 2009) ........ 4, 5

*Expressions at Rancho Niguel Assn. v. Ahmanson Developments*, Inc., 86 Cal. App. 4th 1135 (2001) ........ 10

*Fireman's Fund Insur. Co. v. M/V DSR Atlantic*, 131 F.3d 1336 (9th Cir. 1998) ........ 6

*Flake v. Medline Industries, Inc.*,
882 F. Supp. 947 (E.D. Cal. 1995) ........ 6

*Fteja v. Facebook, Inc.*,
841 F. Supp. 2d 829 (S.D.N.Y. 2012) ........ 6

*Harmon v. Unisys Corp.*,
356 F. App'x 638 (4th Cir. 2009) ........ 7, 9

*In re Poling Transp. Corp.*,
784 F. Supp. 1045 (S.D.N.Y. 1992) ........ 10

*JBCHoldings NY, LLC v. Pakter*,
2013 WL 1149061 (S.D.N.Y. March 20, 2013) ........ 7

*Koresko v. RealNetworks, Inc.*,
291 F. Supp. 2d 1157 (E.D. Cal. 2003) ........ 5, 6

*M/S Bremen v. Zapata Off-Shore Co.*,
407 U.S. 1, 92 S. Ct. 1907, 32 L. Ed. 2d 513 (1972) ........ 5

*Manetti-Farrow, Inc. v. Gucci America, Inc.*,
858 F.2d 509 (9th Cir. 1988) ........ 5

*Miller-Leigh LLC v. Henson*,
152 Cal. App. 4th 1143 (2007) ........ 6

*Murphy v. Schneider National, Inc.*,
362 F.3d 1133 (9th Cir. 2003) ........ 5

*Prince v. Pacific Gas & Electric Co.*,
45 Cal. 4th 1151 (2009) ........ 10

*Solis v. City of Fresno*,
2012 WL 868681 (E.D. Cal. Mar. 13, 2012) ........ 7, 9

*Thompson v. Ill. Dept. of Prof'l Regulation*,
300 F.3d 750 (7th Cir. 2002) ........ 8

*Ticketmaster L.L.C. v. RMG Technologies, Inc.*,
507 F. Supp. 2d 1096 (C.D. Cal. 2007) ........ 6

*TradeComet.com LLC v. Google, Inc.*,
647 F.3d 472 (2d Cir. 2011) ........ 4

*Westchester Cnty. v. Welton Becket Associates*
102 A.D.2d 34, 478 N.Y.S.2d 305 (1984) *aff'd*, 66 N.Y.2d 642, 485 N.E.2d 1029 (1985) ........ 10

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(6)........................................................................................................ 7

Fed. R. Civ. P. 12(b)(3)........................................................................................................ 4

- iv -

BINGHAM MCCUTCHEN LLP

Case No. 2013-cv-01929 EMC

DOMINO FOODS, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS

A/75756126


**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that, on Thursday, November 21, 2013, at 1:30 p.m., or as soon thereafter as the matter may be heard, at the U.S. District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California, before the Honorable Edward M. Chen, Third-party Defendant Domino Foods, Inc. ("Domino") will move and hereby does move the Court for an order dismissing Third-party Plaintiff Batory Foods ("Batory")'s Third Party Complaint ("Complaint") against Domino pursuant to Rules 12(b)(3) and 12(b)(6) of the Federal Rules of Civil Procedure.

Domino requests that the Court dismiss, without leave to amend, the claims against Domino on the grounds that (1) the present venue is improper because the forum selection clause in Batory's contract with Domino requires that this action be brought in Westchester County, New York; and (2) the Complaint fails to state a claim for relief.

This Motion is based on this Notice of Motion and Motion and Memorandum of Points and Authorities, any reply briefing and oral argument, and such other matters as may be considered by the Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Batory's complaint should be dismissed.  A forum selection clause in Batory's contract with Domino requires that this action be brought in the federal or state courts of Westchester County, New York.  This forum selection clause is valid and enforceable, and thus this court should enforce it, and dismiss this case as against Domino without leave to amend.

Because the forum selection clause is dispositive and provides an adequate basis to dismiss Batory's complaint against Domino, this Court need not consider the other deficiencies in Batory's complaint.  However, the complaint should be dismissed for several more reasons.

*First*, many of Batory's claims against Domino rest on a Continuing Guaranty and Indemnification that, at the time of the alleged events giving rise to Batory's claims against Domino, did not even exist.

*Second*, all of Batory's claims against Domino fail the plausibility standard set forth in *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 677-80 (2009). Specifically, Batory alleges that American Licorice sued it because Batory sold molasses to American Licorice, which went into black licorice that American Licorice sold, and which licorice was recalled due to excessive lead levels.  Batory's third party complaint against Domino argues that Domino should indemnify it against American Licorice's claim, because Domino sold molasses to Batory.  However, Batory's claims against Domino require that the molasses Domino sold to Batory was used to make the affected black licorice.  Batory's third party complaint, however, does not allege that.  The closest it comes is its allegation, "on information and belief" that it purchased molasses from Domino and that "some" of that molasses was "shipped to American Licorice in 2012."  Such speculative pleading falls well short of what is required to state a claim.

Batory's complaint against Domino should be dismissed.

## II. BACKGROUND

American Licorice sued Batory in this court earlier this year. *See* Third Party Complaint ("Complaint"), ¶ 13 (Dkt. No. 39). American Licorice's complaint against Batory - the First Amended Complaint ("FAC") (Dkt. No. 19) - alleges that Batory sold molasses to American Licorice to make black licorice. FAC, ¶¶ 12, 20. The FAC further alleges that black licorice that American Licorice made and distributed in May 2012 had excessive levels of lead, which led to that licorice's recall. *Id.*, ¶¶ 22-24. The FAC seeks damages from Batory resulting from that recall. *Id.*, ¶¶ 32-33.

Batory's third party complaint names as defendants Domino and other companies - namely Imperial Sugar Co. and related entities ("Imperial") and unnamed "Roes" - who allegedly sold molasses to Batory. Complaint, ¶¶ 22, 30. The Complaint seeks indemnification from all these defendants for American Licorice's claims against Batory. *Id.*, ¶¶ 16, 17.

Batory alleges "[o]n information and belief" that it "purchased the molasses that it sold to American Licorice, and which is the basis of American Licorice's claims, from Imperial, Domino, and ROES 1 through 10." *Id.*, ¶ 16. Batory further alleges "[o]n information and belief," that some of the molasses "that [Batory] shipped to American Licorice in 2012 was molasses that [Batory] had previously purchased and received from Imperial." *Id.*, ¶ 22. Batory similarly alleges "[o]n information and belief, some of the molasses that [Batory] shipped to American Licorice in 2012 was molasses that [Batory] had previously purchased and received from Domino." *Id.*, ¶ 30.

Batory alleges that Domino is a proper third party defendant based in large part on "a Written Continuing Guaranty and Indemnification agreement" which the Complaint quotes from but fails to attach. Complaint, ¶ 31. The Continuing Guaranty from which Batory's complaint quotes was executed in July 2013. *See* Declaration of Michael A. DeLuca ("DeLuca Decl."), Ex. A.[1] An earlier version of the Continuing Guaranty was executed in June 2012, but it contains

[1] Domino sent two Continuing Guaranties to Batory in July 2013, which are both attached to the Declaration of Michael A. DeLuca, at Exhibit A and Exhibit B. There is no relevant difference between the two Continuing Guaranties.

different language than that quoted in Batory's complaint. DeLuca Decl., Ex. C. Both Continuing Guaranties provide that they only apply to shipments or deliveries "now or hereafter." DeLuca Decl., Exs. A and C. Also, Domino signed both, but Batory signed neither. DeLuca Decl., Exs. A and C.

At all times discussed in the Complaint, Domino provided Batory with sales confirmations upon receipt of Batory's purchase orders. DeLuca Decl., Ex. D. Those confirmations provided that, absent a written supply contract between Domino and Batory, Domino's "acceptance of [Batory's] offer to purchase the products is strictly subject to the terms and conditions" located at Domino's webpage. DeLuca Decl., Ex. D. Those terms and conditions provided, in relevant part:

> 1. CONTRACT. In the absence of a controlling contracted signed by the Buyer and Seller, Seller's offer to sell the product, or as the case may be Seller's acceptance of Buyer's offer to purchase the product, *is strictly subject to the terms and conditions contained herein and in [Domino's] sales confirmation* (collectively "Contract").
>
> * * * * *
>
> 13. GOVERNING LAW AND JURISDICTION. This Contract has been entered into and shall be construed and enforced in accordance with the laws of the State of New York without reference to the choice of law principles thereof. *Venue and jurisdiction for any proceedings arising out of the Contract shall lay exclusively in the state and federal courts of Westchester County, New York.*

DeLuca Decl., Ex. E at ¶¶ 1, 13 (emphasis added).

## III. ARGUMENT

### A. The Court Should Dismiss The Case For Improper Venue.

Federal Rule of Civil Procedure 12(b)(3) provides for a motion to dismiss for improper venue. A forum selection clause is a proper basis for a motion to dismiss for improper venue. *TradeComet.com LLC v. Google, Inc.*, 647 F.3d 472, 475 (2d Cir. 2011); *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009). On a 12(b)(3) motion, "pleadings need not be accepted as true,

and facts outside the pleadings may be considered." *Doe 1*, 552 F.3d at 1081 (quoting *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir.1996)).

Federal law governs the enforceability of forum selection clauses in diversity actions. *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 513 (9th Cir. 1988). A forum selection clause is presumptively valid and should not be set aside unless the party challenging enforcement of such a provision can show it is unreasonable or fundamentally unfair. *Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585, 593-95, 111 S. Ct. 1522, 113 L. Ed. 2d 622 (1991); *Chan v. Society Expeditions, Inc.*, 123 F.3d 1287, 1295 (9th Cir. 1997). A forum selection clause is "unreasonable" if: (1) the inclusion of the clause in the agreement was the product of fraud or overreaching; (2) the party wishing to repudiate the clause would effectively be deprived of his or her day in court were the clause enforced; and (3) enforcement would contravene a strong public policy of the forum in which suit is brought -- here, California. *Murphy v. Schneider National, Inc.*, 362 F.3d 1133, 1140 (9th Cir. 2003) (citing *M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 12-18, 92 S. Ct. 1907, 32 L. Ed. 2d 513 (1972)). The "unreasonableness" exception to enforcement of a forum selection clause is to be narrowly construed. *Argueta*, 87 F.3d at 325. In addition, the party challenging a forum selection clause bears a "heavy burden of showing that trial in the chosen forum would be so difficult and inconvenient that the party would effectively be denied a meaningful day in court." *Id.* (internal quotations omitted). Also, to be enforceable, the forum selection clause must have been "reasonably communicated" to the plaintiff. *Deiro v. American Airlines, Inc.*, 816 F.2d 1360, 1364 (9th Cir. 1987). Where the forum selection clause is enforceable, is broad enough to cover the subject matter of the dispute, and is mandatory, a suit brought in a forum other than that selected in the forum selection clause should be dismissed. *See Koresko v. RealNetworks, Inc.*, 291 F. Supp. 2d 1157, 1161-62 (E.D. Cal. 2003).

The forum selection clause applies here, and requires dismissal of Batory's claim. Batory cannot plausibly argue that inclusion of the forum selection clause resulted from fraud or overreaching. Nor can Batory show that its enforcement would deprive it of its day in court. If the forum selection clause is enforced, Batory can pursue its claims in New York state or federal

court. *See Carnival Cruise Lines*, 499 U.S. at 594; *see also Fireman's Fund Insur. Co. v. M/V DSR Atlantic*, 131 F.3d 1336, 1338 (9th Cir. 1998) ("serious inconvenience" of litigating in Korea did not render clause "unreasonable"); *Flake v. Medline Industries, Inc*., 882 F. Supp. 947, 949-50 (E.D. Cal. 1995) (clause requiring California plaintiff to litigate in Illinois upheld).

Enforcement of the clause would, moreover, violate no California public policy. *Miller-Leigh LLC v. Henson*, 152 Cal. App. 4th 1143, 1149 (2007) (forum selection clauses generally do not violate California public policy).

Also, the clause was reasonably communicated to Batory. As noted, it was part of the terms and conditions on Domino's webpage, and Domino's sales confirmations explicitly said that Domino's acceptance of Batory's offer to purchase molasses was strictly subject to those terms and conditions. DeLuca Decl., Ex. D. This constitutes reasonable communication. *Fteja v. Facebook, Inc.*, 841 F. Supp. 2d 829, 836 (S.D.N.Y. 2012) (forum selection clause was reasonably communicated to plaintiff when it was part of terms and conditions on defendant's webpage); *see also Ticketmaster L.L.C. v. RMG Technologies, Inc.*, 507 F. Supp. 2d 1096, 1107 (C.D. Cal. 2007) (same).

The forum selection clause, moreover, is more than broad enough to include the dispute encompassed by Batory's claims against Domino. By its terms, it applies to "any proceedings arising out of the Contract," and "the Contract" is defined as either "Seller's [here, Domino's] offer to sell the product [here, molasses], or . . . Seller's acceptance of Buyer's offer to purchase the product." DeLuca Decl., Ex. E at ¶ 1. Batory's claims arise directly out of Domino's sales of products -- molasses -- to Batory. Complaint, ¶¶ 16-17.

Also, the forum selection clause is mandatory. It specifies that "Venue and jurisdiction for any proceedings arising out of the Contract shall lay exclusively in the state and federal courts of Westchester County, New York." DeLuca Decl., Ex. E at ¶ 13. Such language denotes a mandatory forum selection clause. *Koresko,* 291 F. Supp. 2d at 1163 ("the clause here states Washington courts have 'exclusive jurisdiction.' This language is mandatory and the Court must

honor the parties' agreed upon choice of forum, the State of Washington.") (internal citations omitted).

The forum selection clause is enforceable here, and requires dismissal of Plaintiffs' claim.

### B. The Complaint Should Be Dismissed For Failure to State a Claim.

F.R.C.P. Rule 12(b)(6) provides for dismissal of a complaint if the factual allegations are legally insufficient to state a claim. A pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted by the court as true, to "state a claim to relief that is plausible on its face." *Id*. at 570. A claim has facial "plausibility" when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 556. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." *Id*. at 557. Although, the "*Twombly* plausibility standard . . . does not prevent a plaintiff from 'pleading facts alleged 'upon information and belief' where the facts are peculiarly within the possession and control of the defendant, or where the belief is based on factual information that makes the inference of culpability plausible," *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010), such "information and belief" pleading is otherwise deficient. *JBCHoldings NY, LLC v. Pakter*, 2013 WL 1149061 * 8 (S.D.N.Y. March 20, 2013) ("describing plaintiffs' allegations "upon information and belief" as "precisely the sort of speculative, 'naked assertion[s]" that do not suffice to survive a motion to dismiss.'") (quoting *Ashcroft v. Iqbal*, 662, 668 (2009) (in turn quoting *Twombly*, 550 U.S. at 555)); *see also Solis v. City of Fresno*, 2012 WL 868681, at *8 (E.D. Cal. Mar. 13, 2012) ("In the post-*Twombly* and *Iqbal* era, pleading on information and belief, without more, is insufficient to survive a motion to dismiss for failure to state a claim."); *Harmon v. Unisys Corp*., 356 F. App'x 638, 641 (4th Cir. 2009) ("conclusory

allegations" made upon "information and belief" are "insufficient to defeat a motion to dismiss"); *Bright v. Evonik Cyro, LLC*, 2012 WL 811221, at *2–3 (E.D. Ark. Mar. 12, 2012) (same).

On a 12(b)(6) motion, a court may consider documents quoted in a complaint and which are central to the allegations in the complaint. *See, e.g., Allen v. Westpoint-Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir. 1991). *Thompson v. Ill. Dept. of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002).

Batory's complaint fails to plead facts demonstrating that Domino is liable to Batory under any theory.

1. **Batory's Claims For Express Indemnification And Breach of Warranty Fail to State a Claim.**

Batory's second and fourth causes of action allege that Domino breached a Continuing Guaranty between Batory and Domino, under which Domino allegedly warranted that the molasses Domino sold to Batory would not be adulterated, and under which Domino allegedly agreed to indemnify Batory for any breach of that warranty. Complaint, ¶¶ 29-36, 48-58. Both claims fail.

Both the second and fourth causes of action derive entirely from American Licorice's lawsuit against Batory. *See* Complaint, ¶¶ 33, 49. That lawsuit alleges that American Licorice was damaged as a result of a recall resulting from a batch of black licorice American Licorice made in May 2012. FAC, ¶ 24. However, the Continuing Guaranty that Batory quotes in its complaint was not executed until <u>July **2013,**</u> and, by its terms, it applied only to shipments or deliveries "now and hereafter." DeLuca Decl., Ex. A. Any sales or deliveries of molasses by Domino *after* July 2013 could have had nothing to do with issues with a batch of licorice made over a year earlier.

As noted, Domino executed a Continuing Guaranty in June 2012, which had different language than the Guaranty quoted in Batory's complaint. DeLuca Decl., Ex. C. Even if Batory meant to base its claims on this Guaranty, as opposed to the one its complaint quoted, that would not save Batory's claims. The June 2012 Guaranty also applies only to shipments or deliveries

"now and hereafter." DeLuca Dec. Ex. C. Any shipments or deliveries of molasses by Domino *after* June 2012 could have had nothing to do with issues with a batch of licorice made a month earlier.

These claims fail for an additional reason. If Domino's molasses was not used in the licorice that American Licorice recalled then Batory has no claim against Domino, since there is no connection between any alleged violation of the Continuing Guaranty by Domino and any injury American Licorice suffered. Accordingly, to allege facts sufficient to state a claim, Batory must at least allege facts showing that Domino molasses ended up in the recalled licorice.

Batory has failed to allege that. The closest that Batory comes is when it alleges that "on information and belief, some of the molasses that [Batory] shipped to American Licorice in 2012 was molasses that [Batory] had previously purchased and received from Domino." Complaint, ¶ 30. Where essential facts giving rise to liability "are peculiarly within the possession and control of the defendant" or the information and belief "is based on factual information that makes the inference of culpability plausible," allegations on information and belief are sufficient to state a claim. *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010)). However, neither is the case here. Batory is the only party that could know whether the molasses that Domino sold to Batory was in turn sold to American Licorice.

Similarly, Batory's beliefs do not make Domino's culpability plausible. First, although Batory alleges "on information and belief" that it shipped "some" Domino molasses to American Licorice in 2012, Batory alleges that it purchases molasses from "Imperial, Domino, and ROES 1 through 10." Complaint, ¶ 16. Thus, based on Batory's own allegations, it purchased molasses from multiple suppliers. Accordingly, it is incumbent on Batory to allege facts showing that Domino is plausibly culpable, which Batory failed to do. At best, Batory's allegations are *consistent* with *possible* culpability, which does not meet Batory's burden. *See Solis*, 2012 WL 868681, at *8; *Harmon* 356 F. App'x at 641; *Bright*, 2012 WL 811221, at *2–3.

Batory's second and fourth causes of action fail to state a claim.

### C. Plaintiff's Fifth and Sixth Causes of Action Fail to State a Claim.

Batory's fifth cause of action for equitable/implied indemnity, and its sixth cause of action for contribution, both fail to state a claim and should be dismissed. Both claims require that the plaintiff plead and prove wrongful conduct by the defendant (here, Domino) which caused injury to another party (here, American Licorice) for which the plaintiff/indemnitee (here, Batory) is actually or potentially liable. *Bush Terminal Bldgs. Co. v. Luckenbach S.S. Co.*, 11 A.D.2d 220, 223 (N.Y. App. Div. 1st Dep't 1960) (discussing elements of equitable indemnity under New York law); *In re Poling Transp. Corp.*, 784 F. Supp. 1045, 1049 (S.D.N.Y. 1992) (discussing elements of implied indemnity under New York law); *Westchester Cnty. v. Welton Becket Associates* 102 A.D.2d 34, 45, 478 N.Y.S.2d 305 (1984) *aff'd*, 66 N.Y.2d 642, 485 N.E.2d 1029 (1985) (discussing elements of contribution under New York law).[2] As discussed, Batory has failed to allege facts indicating that Domino's conduct caused any injury to American Licorice. *See supra*, Section IIIB.

Also, under New York law, "a claim for contribution is limited to actions for 'personal injury, injury to property or wrongful death,' viz., actions sounding in tort, even where the basis for contribution is the contractual relationship among the parties." *Westchester Cnty. v. Welton Becket Associates*, 102 A.D.2d at 45. Likewise, under California law, Batory's claim for contribution fails, both because its claims sound in contract and because no judgment has been entered against it. *Cola Bottling Co. v. Lucky Stores, Inc.*, 11 Cal. App. 4th 1372, 1378 (1992) (contribution distributes loss among tortfeasors and requires a judgment).

---

[2] The Terms and Conditions select New York law (*See* DeLuca Decl., Ex E, ¶ 13), but the same is true under California law. *Prince v. Pacific Gas & Electric Co.*, 45 Cal. 4th 1151, 1166 (2009) (discussing elements of implied indemnity under California law); *Expressions at Rancho Niguel Assn. v. Ahmanson Developments, Inc.*, 86 Cal. App. 4th 1135, 1139 (2001) (discussing elements of equitable indemnity under California law); *Cola Bottling Co. v. Lucky Stores, Inc.*, 11 Cal. App .4th 1372, 1378 (1992) (contribution under California law only lies as between joint tortfeasors); *Apodaca v. Haworth*, 206 Cal. App. 2d 209, 213, 23 Cal. Rptr. 461 (1962) (for parties to be "joint torfeasors" each must proximately cause injury to third party).

D. **Batory's Claims For Declaratory Relief Fails to State a Claim.**

Batory's seventh cause of action for declaratory relief derives entirely from its other claims. Specifically, it seeks a declaration that it is entitled to indemnification and/or contribution from Domino and the other defendants. Complaint, ¶¶ 66-72. As discussed above, Batory has no right to contribution or indemnity from Domino. Thus, Batory's declaratory relief claim against Domino should be dismissed.

IV. **CONCLUSION**

For the above-referenced reasons, Batory's complaint should be dismissed.

DATED: October 11, 2013

Respectfully submitted,

Bingham McCutchen LLP

By: *\/s/ Colin C. West*

Colin C. West
Attorneys for Third-party Defendant
Domino Foods, Inc.