RALPH A. LOMBARDI (STATE BAR NO. 048217)
RAL@LLCLLP.COM
LOMBARDI, LOPER & CONANT, LLP
LAKE MERRITT PLAZA
1999 HARRISON STREET, SUITE 2600
OAKLAND, CA 94612
TELEPHONE: (510) 433-2600
FACSIMILE: (510) 433-2699

PATRICK E. BROOKHOUSER, JR.
(*pro hac vice* application to be submitted)
MCGRATH NORTH MULLIN & KRATZ, PC LLO
First National Tower, Suite 3700
1601 Dodge Street
Omaha, Nebraska 68102
Telephone: (402) 341-3070
Facsimile: (402) 341-0216
pbrookhouser@mcgrathnorth.com

Attorneys for Third-Party Defendants Imperial Sugar Company
Imperial Distributing, Inc., and Savannah Sugar Refinery

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN LICORICE COMPANY,<br><br>           Plaintiff,<br><br>     v.<br><br>TOTAL SWEETENERS, INC.; individually and doing business as BATORY FOODS, INC., and DOES 1 through 10 Inclusive,<br><br>           Defendant.<br><br>_____<br><br>TOTAL SWEETERS, INC., individually and doing business as BATORY FOODS,<br><br>           Third-party Plaintiff,<br><br>     v.<br><br>SAVANNAH SUGAR REFINERY, a _____ | Case No. 3:13-CV-01929-EMC<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS THE THIRD-PARTY COMPLAINT BY IMPERIAL SUGAR COMPANY, IMPERIAL DISTRIBUTING, INC., AND SAVANNAH SUGAR REFINERY**<br><br>Date:          December 12, 2013<br>Time:          1:30 p.m.<br>Judge:        Hon. Edward M. Chen<br>Courtroom:  5<br><br>Complaint Filed: September 17, 2013 |

NOTICE OF MOTION AND MOTION TO DISMISS
THE THIRD-PARTY COMPLAINT BY IMPERIAL
SUGAR COMPANY, IMPERIAL DISTRIBUTING,
INC., AND SAVANNAH SUGAR REFINERY

1  subsidiary of IMPERIAL SUGAR
   COMPANY; IMPERIAL SUGAR
2  COMPANY; IMPERIAL DISTRIBUTING,
   INC., DOMINO FOODS, INC.; and DOES 1
3  through 10, inclusive,

4                 Third-Party Defendants.

5  ## NOTICE OF MOTION AND MOTION TO DISMISS THE THIRD-PARTY

6  ## COMPLAINT

7  **TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

8         PLEASE TAKE NOTICE THAT on December 12, at 1:30 p.m. or as soon thereafter as

9  the matter may be heard by the Court, in Courtroom 5 before the Honorable Edward M. Chen,

10  Third-Party Defendants Imperial Sugar Company, Imperial Distributing, Inc., and Savannah

11  Sugar Refinery (hereinafter collectively referred to as "Imperial") will and hereby do move the

12  Court to dismiss all claims against Imperial in the Third-Party Complaint under Federal Rule of

13  Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

14         Imperial bases this Motion on this Notice of Motion, the attached Memorandum of Points

15  and Authorities, all pleadings and papers filed in this action, oral argument of counsel, and any

16  other matters that may come before the Court.

17  ## STATEMENT OF ISSUES TO BE DECIDED

18  ## (CIVIL L.R. 7-4(A)(3))

19         1.      Should the first claim in the Third-Party Complaint be dismissed because it fails

20  to allege facts plausibly suggesting that the molasses in question was adulterated or violated an

21  express warranty?

22         2.      Should all of the claims against Imperial in the Third-Party Complaint be

23  dismissed because they rely upon "information and belief" allegations relating to facts that are

24  not within Imperial's knowledge, let alone in Imperial's exclusive knowledge, and should be

25  within the knowledge of Total Sweeteners?

26

27                                          -ii -

28
   NOTICE OF MOTION AND MOTION TO DISMISS
   THE THIRD-PARTY COMPLAINT BY IMPERIAL
   SUGAR COMPANY, IMPERIAL DISTRIBUTING,
   INC., AND SAVANNAH SUGAR REFINERY

3.      Should claims one and three in the Third-Party Complaint be dismissed because they fail to identify an alleged continuing guarantee and alleged indemnification agreement as they are required to do?

4.      Should the third claim in the Third-Party Complaint be dismissed  to the extent it is asserted on behalf of Batory as a DBA of Total Sweeteners because it is inconsistent with the fundamental rule of contract law that meaning must be given to every part of a contract without rendering any part of the contract superfluous?

5.      Should the claims for equitable/implied indemnity and contribution in the Third-Party Complaint be dismissed for failure to allege facts plausibly suggesting that there is any liability that could give rise to an obligation of indemnification or contribution?

6.      Should the claim for a declaratory judgment in the Third-Party Complaint be dismissed for the same reasons as the claims for equitable/implied indemnity and contribution, and because the declaratory judgment claim is duplicative of other claims in the Third-Party Complaint?

NOTICE OF MOTION AND MOTION TO DISMISS
THE THIRD-PARTY COMPLAINT BY IMPERIAL
SUGAR COMPANY, IMPERIAL DISTRIBUTING,
INC., AND SAVANNAH SUGAR REFINERY

1

## TABLE OF CONTENTS

**Page**

2  MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS THIRD-PARTY COMPLAINT ........................................................ 1

3

4  I.   OVERVIEW ............................................................................................................. 1

II.   FACTUAL ALLEGATIONS AND PROCEDURAL
5         BACKGROUND ....................................................................................................... 2

6         A.   The First Amended Complaint. ................................................................ 2

7         B.   The Order Denying Total Sweeteners' Motion To Dismiss ................ 3

8         C.   Total Sweeteners' Third-Party Complaint. ........................................... 4

9  III.   ARGUMENT .......................................................................................................... 6

10         A.   The Motion To Dismiss Standard. ......................................................... 6

11         B.   The First Count In The Third-Party Complaint Fails To
Contain The Required Facts Plausibly Suggesting A
12              Breach Of Warranty. ............................................................................... 6

13         C.   All Of The Claims Fail Because Of Total Sweeteners'
Allegations "On Information And Belief" ........................................... 10

14
          D.   Counts I and III Also Fail To State A Claim Because They
15              Fail To Identify The Alleged Agreements As They Are
Required To Do. ...................................................................................... 11
16
          E.   Count III Fails To State A Claim On Behalf of Total
17              Sweeteners DBA Batory. ........................................................................ 12

18         F.   The Claims For Equitable/Implied Indemnity And
Contribution Do Not Contain The Necessary Allegations
19              Of Facts Plausibly Suggesting The Existence Of A Claim
For Relief. ................................................................................................ 13
20
          G.   Total Sweeteners Fails To State A Claim For Declaratory
21              Judgment. ................................................................................................. 14

22  IV.   CONCLUSION ....................................................................................................... 15

23

24

25

26

27

-iv -

28
NOTICE OF MOTION AND MOTION TO DISMISS
THE THIRD-PARTY COMPLAINT BY IMPERIAL
SUGAR COMPANY, IMPERIAL DISTRIBUTING,
INC., AND SAVANNAH SUGAR REFINERY

Case No. 3:13-CV-01929-EMC

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Arista Records, LLC v. Doe 3,*
    604 F.3d 110 (2d Cir.2010) .................................................................................. 10

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ...................................................................... 7, 8, 10, 14

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) .......................................................... 6, 7, 8, 10, 12, 14

*Coca-Cola Bottling Co. v. Lucky Stores, Inc.,*
    11 Cal. App. 4th 1372 (1992) ........................................................................... 14

*Frezza v. Google, Inc.,*
    No. 5:12-cv-237, 2013 WL 1736788  (N.D. Cal. Apr. 22, 2013) ....................... 11

*JBC Holdings NY, LLC v. Pakter,*
    931 F. Supp.2d 514 (S.D.N.Y. 2013) ............................................................... 10

*McAfee v. Francis,*
    No. 5:11-cv-821, 2011 WL 3293759 (N.D. Cal. Aug. 1, 2011) ........................ 11

*Park v. Morgan Stanley & Co., Inc.,*
    No. 2:11-cv-9466, 2012 WL 589653 (C.D. Cal. Feb. 22, 2012) ....................... 11

*Prince v. Madison Square Garden,*
    427 F. Supp.2d 372 (S.D.N.Y.2006) ................................................................. 10

*Prince v. Pacific Gas & Electric Co.,*
    45 Cal. 4th 1151 (2009) ..................................................................................... 14

*Solis v. City of Fresno,*
    No. 11-cv-53, 2012 WL 868681  (E.D. Cal. March 13, 2012) .......................... 10

*Swartz v. KPMG,*
    476 F.3d 756 (9th Cir. 2007) .............................................................................15

**Statutes**

California Civil Code § 1641 ........................................................................................ 12

**Rules**

Federal Rule of Civil Procedure 12(b)(6) ..................................................................... ii

NOTICE OF MOTION AND MOTION TO DISMISS
THE THIRD-PARTY COMPLAINT BY IMPERIAL
SUGAR COMPANY, IMPERIAL DISTRIBUTING,
INC., AND SAVANNAH SUGAR REFINERY

Case No. 3:13-CV-01929-EMC

**Miscellaneous**

*Supporting Document for Recommended Maximum Level for Lead in Candy Likely To Be Consumed Frequently By Small Children,*
http://www.fda.gov/Food/FoodborneIllnessContaminants/Metals/ucm172050.htm.................2

*Guidance for Industry[:] Lead in Candy Likely To Be Consumed Frequently By Small Children: Recommended Maximum Level and Enforcement Policy,*
http://www.fda.gov/Food/GuidanceRegulation/GuidanceDocumentsRegulatoryInformation/ChemicalContaminantsMetalsNaturalToxinsPesticides/ucm077904.htm......................................2

*Frequently Asked Questions (FAQ) about Lead and Lead-Contaminated Products,*
http://www.cdph.ca.gov/programs/Pages/LeadFAQ.aspx................................................8

*CDPH Warns Not To Eat Certain Red Vines® Black Licorice Candy, (8/22/2012),*
http://www.cdph.ca.gov/Pages/NR12-044.aspx.......................................................8

*CDPH Warns Not to Eat Red Vines® Black Licorice, Snaps®, and Mixed Bags containing Black Licorice Candy, (9/7/2012),*
http://www.cdph.ca.gov/Pages/NR12-050.aspx.......................................................8

*California's Office of Environmental Health Hazard Assessment,*
http://oehha.ca.gov/prop65/p65faq.html..........................................................9

NOTICE OF MOTION AND MOTION TO DISMISS
THE THIRD-PARTY COMPLAINT BY IMPERIAL
SUGAR COMPANY, IMPERIAL DISTRIBUTING,
INC., AND SAVANNAH SUGAR REFINERY

Case No. 3:13-CV-01929-EMC

1

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

**IN SUPPORT OF MOTION TO DISMISS THIRD-PARTY COMPLAINT**

3   **I.**    **OVERVIEW**

4         The State of California considers candy frequently consumed by small children to be

5   adulterated if it has a lead level exceeding 0.1 ppm. The United States Food and Drug

6   Administration ("FDA") has established a non-binding guideline for lead in candy frequently

7   consumed by small children of not more than 0.1 ppm.

8         Neither California nor the FDA has established a 0.1 ppm limit, or any other specific

9   limit, or even a specific non-binding guideline level for lead in molasses. The guidelines

10   establishing a 0.1 ppm lead limit for candy frequently consumed by small children apply to

11   licorice, but they do not apply to molasses.

12         In 2012, American Licorice Company ("American Licorice") recalled Red Vines® black

13   licorice because testing revealed lead levels exceeding the 0.1 ppm level used by the State of

14   California for deciding if candy frequently consumed by small children is adulterated. American

15   Licorice alleges that the source of the lead was molasses purchased from Total Sweeteners, Inc.

16   ("Total Sweeteners"). Total Sweeteners, in turn, alleges "on information and belief" that it

17   purchased "some" of the molasses in question from Imperial. There is no allegation that

18   Imperial knew that the molasses in question would be used as an ingredient in candy.

19         Total Sweeteners fails to state claims against Imperial. It fails to allege the required facts

20   plausibly suggesting that any Imperial molasses was adulterated. It makes impermissible

21   "information and belief" allegations about important information. It fails to identify a claimed

22   continuing guarantee and indemnification agreement as it is required to do, and—significantly—

23   even the language that it quotes from the alleged indemnification agreement demonstrates that

24   the claimed agreement does not apply to Total Sweeteners DBA Batory Foods. Finally, it fails to

25   allege the required facts plausibly suggesting that it is entitled to equitable indemnification,

26   contribution, or a declaratory judgment.

27

28

-1-

NOTICE OF MOTION AND MOTION TO DISMISS
THE THIRD-PARTY COMPLAINT BY IMPERIAL
SUGAR COMPANY, IMPERIAL DISTRIBUTING,
INC., AND SAVANNAH SUGAR REFINERY

Case No. 3:13-CV-01929-EMC

## II.    FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

### A.    The First Amended Complaint.

American Licorice alleges that it purchased molasses from Total Sweeteners pursuant to a December 2011 Agreement allegedly modified by a Purchase Order from American Licorice. (*See* FAC, Filing No. 19, ¶¶ 14-15).

In August 2012, the California Department of Public Health ("CDPH") informed American Licorice that testing had revealed lead levels in a lot of Red Vines® black licorice exceeding the 0.1 ppm level used by the State of California for deciding whether candy frequently consumed by small children is adulterated.  (FAC ¶ 21-30).  American Licorice asserts that the "State of California, as well as other jurisdictions, prohibits the sale of candy which has lead in excess of 0.1 ppm." (*Id.* ¶ 22).  American Licorice asserts that the FDA and the CDPH "both consider candy with lead content above 0.1 ppm as adulterated." (*Id.*).

American Licorice cites a FDA publication entitled "Supporting Document for Recommended Maximum Level for Lead in Candy Likely To Be Consumed Frequently By Small Children."[1]  That document, in turn, links to the FDA's document entitled "Guidance for Industry[:] Lead in Candy Likely To Be Consumed Frequently By Small Children: Recommended Maximum Level and Enforcement Policy."[2]  In that guidance document, the FDA recommends a maximum lead level of 0.1 ppm for candy likely to be consumed frequently by small children but states that the recommended guidance does not create legally enforceable responsibilities.  Specifically, it states that:

---

[1] http://www.fda.gov/Food/FoodborneIllnessContaminants/Metals/ucm172050.htm

[2] http://www.fda.gov/Food/GuidanceRegulation/GuidanceDocumentsRegulatoryInformation/ChemicalContaminantsMetalsNaturalToxinsPesticides/ucm077904.htm

-2-

NOTICE OF MOTION AND MOTION TO DISMISS THE THIRD-PARTY COMPLAINT BY IMPERIAL SUGAR COMPANY, IMPERIAL DISTRIBUTING, INC., AND SAVANNAH SUGAR REFINERY

Case No. 3:13-CV-01929-EMC

1    FDA's guidance documents, including this guidance, do not

2    establish legally enforceable responsibilities. Instead guidances

3    describe the Agency's current thinking on a topic and should be

4    viewed only as recommendations, unless specific regulatory or

5    statutory requirements are cited. The use of the word *should* in

6    Agency guidances means that something is suggested or

7    recommended, but not required.[3]

8    That non-binding guidance document also states that:

9    FDA is now prepared to take enforcement action against any

10   candy product containing lead at levels that may pose a health risk.

11   FDA intends to consider several factors in bringing enforcement

12   actions regarding lead in candy, including the levels of lead

13   present, the best available consumption data, and the lead exposure

14   that would result from consumption of the product.[4]

15   American Licorice asserts claims against Total Sweeteners for breach of contract, breach

16   of express warranty, breach of the implied warranty of merchantability, and breach of the

17   implied warranty of fitness for a particular purposes.

18   **B.   The Order Denying Total Sweeteners' Motion To Dismiss.**

19   On August 13, 2013, the Court entered an Order denying the Motion To Dismiss The

20   Amended Complaint filed by Total Sweeteners.  (Filing No. 31).  The principal arguments in the

21   briefing regarding that Motion to Dismiss focused on whether American Licorice's Purchase

22   Order modified the original Sales Contract between American Licorice and Total Sweeteners.

23

24   _____

25   [3] *Id.* (emphasis in original).

26   [4] *Id.*

27                                                          -3-

Case No. 3:13-CV-01929-EMC

NOTICE OF MOTION AND MOTION TO DISMISS
THE THIRD-PARTY COMPLAINT BY IMPERIAL
SUGAR COMPANY, IMPERIAL DISTRIBUTING,
INC., AND SAVANNAH SUGAR REFINERY

1   (*See* Filings 22, 27, & 28).  The Order also focused on those issues that were the main focus of

2   the briefing involving issues under the Uniform Commercial Code.  (*See* Filing No. 31).

3       **C.**     **Total Sweeteners' Third-Party Complaint.**

4       In the Third-Party Complaint, Total Sweeteners alleges that it purchased molasses from

5   Imperial and resold it to American Licorice without modifying the lead content of the molasses.

6   (Third-Party Complaint (hereinafter "TPC") ¶ 24).  Total Sweeteners denies all liability to

7   American Licorice but alleges that if "American Licorice nevertheless prevails in its claims

8   against Total Sweeteners, any issues with the lead content of molasses that American Licorice

9   received from Total Sweeteners existed when Imperial, Domino, and/or ROES 1 through 10

10  delivered the same molasses to Total Sweeteners." (*Id.* ¶ 17).

11      Total Sweeteners alleges that Imperial should be liable for breach of express warranty.

12  Total Sweeteners avers that: "American Licorice alleges in its First Amended Complaint that the

13  alleged elevated lead levels in the molasses it purchased from Total Sweeteners rendered the

14  molasses 'adulterated' and/or 'misbranded' within the meaning of the Federal Food, Drug, and

15  Cosmetic Act, which allegation Total Sweeteners denies." (*Id.* ¶ 25).  It then states that if it is

16  held liable, then molasses it purchased from Imperial did not comply with the following express

17  warranty stating that the product was:

18          Not adulterated or misbranded within the meaning of Sections 402

19          or 403 of the Federal Food, Drug, and Cosmetic Act, and not an

20          article which may not, under the provisions of that Act, be

21          introduced or delivered for introduction into interstate commerce;

22          not adulterated or misbranded within the meaning of any state or

23          municipal ordinance win [sic] which the definition of adulteration

24          or misbranding is substantially the same as in the Act to the extent

25          that said Act or any such law or ordinance is then effective and

26

27                             -4 -

28

NOTICE OF MOTION AND MOTION TO DISMISS
THE THIRD-PARTY COMPLAINT BY IMPERIAL
SUGAR COMPANY, IMPERIAL DISTRIBUTING,
INC., AND SAVANNAH SUGAR REFINERY

1    applicable, and not an article which cannot be legally transported

2    or sold under the provisions of any applicable state or local law.

3    (TPC ¶ 23).

4        Total Sweeteners also asserts a claim for express indemnity based on the following

5    language allegedly contained in a written indemnification Agreement:

6        The undersigned Seller [Imperial] shall, to the fullest extent

7        permitted by law, indemnify, hold harmless and affirmatively

8        defend Total Sweeteners, Inc. (DBA Chicago Sweeteners, Sugar

9        Incentives, Quality Ingredients, LSI, Ingredients International) and

10       its subsidiaries, affiliates, assigns and customers, hereinafter

11       "Purchaser", from and against any and all liability, damage, loss,

12       cost, expense or attorneys fees arising out of claims, demands or

13       suits for damages resulting directly or indirectly from the handling,

14       selling or distributing of products manufactured and/or distributed

15       by Seller.  The terms and conditions of this Indemnification shall

16       govern in the event of conflict with the terms and conditions or any

17       sales or purchase agreement or other document.  Notwithstanding

18       anything to the contrary, purchase of the Seller's products shall not

19       be deemed a waiver of the provisions of this indemnification.

20

21       Seller represents that all products supplied by Seller to Purchaser

22       comply with all Federal, State and Local laws, regulations, rules,

23       ordinances and restrictions.  In addition, Seller guarantees that the

24       product, under the Federal Food, Drug, and Cosmetic Act, as

25       amended, is not adulterated or misbranded.

26   (TPC ¶ 39).

27                       -5-

28   NOTICE OF MOTION AND MOTION TO DISMISS
THE THIRD-PARTY COMPLAINT BY IMPERIAL
SUGAR COMPANY, IMPERIAL DISTRIBUTING,
INC., AND SAVANNAH SUGAR REFINERY

1    Total Sweeteners also attempts to assert a claim for "Equitable/Implied Indemnity," in

2  which it alleges that if it is liable to American Licorice, it is "informed and believes that such

3  liability is due solely to the acts, omissions, negligence or other fault of Imperial, Domino, and

4  ROES 1 through 10." (*Id.* ¶ 61).

5    Total Sweeteners attempts to assert a claim for contribution alleging that if American

6  Licorice recovers against it, it is "entitled to contribution from Imperial, Domino, and ROES 1

7  through 10, and each of them, for their respective share of any recovery of damages American

8  Licorice obtains from Total Sweeteners, in proportion to the comparative negligence or fault of

9  Imperial, Domino, and ROES 1 through 10, and each of them, in proximately causing said

10  damages." (*Id.* ¶ 64).

11    Finally, Total Sweeteners attempts to assert a claim for declaratory relief. That claim

12  restates in various ways a request to determine whether Total Sweeteners has a right to

13  indemnification and contribution. (*Id.* ¶¶ 67-72).

14  **III.    ARGUMENT**

15    **A.    The Motion To Dismiss Standard.**

16    To survive a motion to dismiss, a party asserting a claim must allege sufficient facts to

17  "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

18  570 (2007).  It is not sufficient for the party to allege "labels and conclusions" or "a formulaic

19  recitation of the elements of a cause of action."  *Id.* at 555.

20    **B.    The First Count In The Third-Party Complaint Fails To Contain The**

21    **Required Facts Plausibly Suggesting A Breach Of Warranty.**

22    Total Sweeteners' first count attempts to claim a breach of express warranty.  Total

23  Sweeteners states that it denies any liability to American Licorice, but that if Total Sweeteners is

24  held liable for selling adulterated or misbranded molasses within the meaning of the Federal

25  Food, Drug, and Cosmetic Act, then Imperial should be held liable under the terms of an express

26  warranty.  (TCP ¶ 25).  Total Sweeteners alleges that the express warranty in question states—as

27                                      -6 -

28

NOTICE OF MOTION AND MOTION TO DISMISS
THE THIRD-PARTY COMPLAINT BY IMPERIAL
SUGAR COMPANY, IMPERIAL DISTRIBUTING,
INC., AND SAVANNAH SUGAR REFINERY

1  quoted above—that the product in question is:

2  > Not adulterated or misbranded within the meaning of Sections 402

3  > or 403 of the Federal Food, Drug, and Cosmetic Act, and not an

4  > article which may not, under the provisions of that Act, be

5  > introduced or delivered for introduction into interstate commerce;

6  > not adulterated or misbranded within the meaning of any state or

7  > municipal ordinance win [sic] which the definition of adulteration

8  > or misbranding is substantially the same as in the Act to the extent

9  > that said Act or any such law or ordinance is then effective and

10  > applicable, and not an article which cannot be legally transported

11  > or sold under the provisions of any applicable state or local law.

12  (FAC ¶ 23).

13      Total Sweeteners has not alleged any facts plausibly suggesting that there was a violation

14  of that express warranty as required by *Twombly* and by *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

15  Nothing in the Third-Party Complaint alleges facts plausibly suggesting that any molasses sold

16  by Imperial was adulterated or misbranded under the Federal Food, Drug, and Cosmetic Act, or

17  any substantially similar state law, or that there was any other breach of the claimed warranty.

18      Total Sweeteners cannot salvage its Third-Party claim by arguing that it is not claiming

19  that the molasses was adulterated, but rather that American Licorice claims that molasses was

20  adulterated and that, if so, Imperial should be liable.

21      Nowhere in the First Amended Complaint does American Licorice allege facts plausibly

22  suggesting that the molasses in question was adulterated under the Federal Food, Drug, and

23  Cosmetic Act or state law.  American Licorice instead alleges that the recalls occurred because

24  testing indicated that its Red Vines® black licorice had lead levels that exceeded the 0.1 ppm

25  threshold used by the State of California for deciding whether candy frequently consumed by

26  small children is adulterated.  (FAC ¶¶ 22 & 28).

27

-7-

28

NOTICE OF MOTION AND MOTION TO DISMISS
THE THIRD-PARTY COMPLAINT BY IMPERIAL
SUGAR COMPANY, IMPERIAL DISTRIBUTING,
INC., AND SAVANNAH SUGAR REFINERY

Case No. 3:13-CV-01929-EMC

1    American Licorice leaps to the unsupported conclusion that the molasses was adulterated

2   by stating as follows:  "Based on its testing, its investigation and related information, American

3   Licorice concludes that the molasses received from Defendant was adulterated with lead and was

4   the cause of the elevated lead and resultant need to recall the Red Vines black licorice containing

5   products [sic]." (*Id.* ¶ 31).   That assertion that the molasses was adulterated is precisely the type

6   of conclusory and formulaic assertion that is not sufficient after *Twombly* and *Iqbal*.

7    American Licorice ignores the crucial distinction between the finished candy product that

8   it sells and the molasses that it allegedly purchased from Total Sweeteners. The California

9   standard for lead in candy frequently consumed by small children applies to the licorice products

10   sold by American Licorice, [5]  but it does not apply to molasses.

11    In earlier briefing, (*see* Filing No. 27 at 3), American Licorice tried to cobble together an

12   argument based upon regulations relating to Proposition 65, but that attempt is fundamentally

13   misguided.  Proposition 65 has a unique set of rules and defenses that apply to it, and the

14   regulations that apply to it are distinct from the regulations regarding whether candy should be

15   recalled because it is adulterated.  California's Office of Environmental Health Hazard

16   Assessment has explained the crucial difference between Proposition 65 issues and the question

17   of whether a food needs to be recalled as adulterated as follows:

18                 **Q: Is a product safe if it carries a Proposition 65**

19                 **warning?**

20                  A: The purpose of Proposition 65 is to notify consumers

21   ───────────────

22   [5]*See Frequently Asked Questions (FAQ) about Lead and Lead-Contaminated Products,*

23   http://www.cdph.ca.gov/programs/Pages/LeadFAQ.aspx; *CDPH Warns Not To Eat Certain Red*

24   *Vines® Black Licorice Candy,* (8/22/2012), http://www.cdph.ca.gov/Pages/NR12-044.aspx;

25   *CDPH Warns Not to Eat Red Vines® Black Licorice, Snaps®, and Mixed Bags containing Black*

26   *Licorice Candy,* (9/7/2012), http://www.cdph.ca.gov/Pages/NR12-050.aspx.

27                                          -8-
28    NOTICE OF MOTION AND MOTION TO DISMISS
THE THIRD-PARTY COMPLAINT BY IMPERIAL
SUGAR COMPANY, IMPERIAL DISTRIBUTING,
INC., AND SAVANNAH SUGAR REFINERY

Case No. 3:13-CV-01929-EMC

1            that they are being exposed to chemicals that are known to cause

2            cancer and/or reproductive toxicity. Consumers can decide on their

3            own if they want to purchase or use the product. A Proposition 65

4            warning does not necessarily mean a product is in violation of any

5            product-safety standards or requirements. For additional

6            information about the warning, contact the product manufacturer.

7                    Other state public health officials and federal government

8            agencies are responsible for regulating product safety. For

9            example, the California Department of Public Health issues recalls

10           of food products found to be unsafe. The federal U.S. Food and

11           Drug Administration regulates food, drug, cosmetic and medical

12           device products. Other types of consumer products, including toys,

13           jewelry, personal care products, and other non-food items, are

14           regulated by the federal Consumer Product Safety Commission,

15           which also may issue recalls for products found to be

16           unsafe.  Finally, the California Air Resources Board may ban

17           products that harm the air we breathe.[6]

18       American Licorice's First Amended Complaint affirmatively alleges that its candy was

19 recalled because the candy was tested at levels exceeding the 0.1 ppm standard that California

20 considers adulterated for candy frequently consumed by small children.  (FAC ¶ 22).  The recall

21 was not because of any issues relating to Proposition 65, and American Licorice's attempt to

22 confuse the issues cannot help it avoid the fact that the recall was because of a lead guideline

23 applicable to candy frequently consumed by small children.  It was not because of any guideline

24 _____

25 [6] http://oehha.ca.gov/prop65/p65faq.html (emphasis in original).

26

27                                 -9-

28
NOTICE OF MOTION AND MOTION TO DISMISS
THE THIRD-PARTY COMPLAINT BY IMPERIAL
SUGAR COMPANY, IMPERIAL DISTRIBUTING,
INC., AND SAVANNAH SUGAR REFINERY

Case No. 3:13-CV-01929-EMC

1   or standard applicable to molasses.

2        Total Sweeteners has failed to state a claim for breach of express warranty against

3   Imperial.  It cannot rely upon allegations by American Licorice relating to molasses, because

4   they also fail to allege the required facts plausibly suggesting that the molasses was adulterated.

5       **C.    All Of The Claims Fail Because Of Total Sweeteners' Allegations "On**

6           **Information And Belief."**

7        "In the post-*Twombly* and *Iqbal* era, pleading on information and belief, without more, is

8   insufficient to survive a motion to dismiss for failure to state a claim." *Solis v. City of Fresno*,

9   2012 WL 868681, at *8 (E.D. Cal. March 13, 2012).  In *Solis*, the Court rejected the plaintiff's

10   efforts to argue that the information and belief allegations should be deemed sufficient because

11   the facts in question allegedly were in the exclusive control of the party being sued.  *See id.*

12        Some Courts have adopted a view that would permit a party to allege on information and

13   belief if the allegations relate to facts that are in the exclusive control of the party being sued.

14   Even those Courts, however, are strict.  In holding that a plaintiff's attempt to make allegations

15   on information and belief were insufficient on the facts of that case, the Court in *JBC Holdings*

16   *NY, LLC v. Pakter*, 931 F. Supp. 2d 514 (S.D.N.Y. 2013), explained as follows:

17             But, although a plaintiff may do so "where the facts are peculiarly

18             within the possession and control of the defendant or where the

19             belief is based on factual information that makes the inference of

20             culpability plausible," *Arista Records, LLC v. Doe 3*, 604 F.3d 110,

21             120 (2d Cir.2010) (citing *Iqbal*, 556 U.S. at 677, 129 S.Ct. 1937),

22             such allegations must be "accompanied by a statement of the facts

23             upon which the belief is founded."  *Prince v. Madison Square*

24             *Garden*, 427 F.Supp.2d 372, 385 (S.D.N.Y.2006)

25   *JBC Holdings*, 931 F. Supp. 2d at 527.

26

27                                               -10 -

28   NOTICE OF MOTION AND MOTION TO DISMISS
THE THIRD-PARTY COMPLAINT BY IMPERIAL
SUGAR COMPANY, IMPERIAL DISTRIBUTING,
INC., AND SAVANNAH SUGAR REFINERY

Case No. 3:13-CV-01929-EMC

1      All of Total Sweeteners' claims against Imperial rest upon crucial, improper "information

2  and belief" allegations.  Specifically, claims one and three contain the allegation that: "**On**

3  **information and belief, some** of the molasses that Total Sweeteners shipped to American

4  Licorice in 2012 was molasses that Total Sweeteners had previously purchased and received

5  from Imperial." (TPC ¶¶ 22, 38) (emphasis added).  The purported claim for equitable/implied

6  indemnity similarly alleges that if Total Sweeteners is liable to American Licorice, then Total

7  Sweeteners "is informed and believes that such liability is due solely to the acts, omissions,

8  negligence, or other fault of Imperial, Domino, and ROES 1 through 10." (*Id.* ¶ 61).  Total

9  Sweeteners' skeletal contribution claim and its declaratory judgment claim never allege that

10  molasses from Imperial was sold by Total Sweeteners to American Licorice, and they can only

11  rely upon the "on information and belief" allegations that they incorporate by reference from

12  earlier in the Third-Party Complaint.  (*See* TPC ¶¶ 63-72).

13      Those allegations on information and belief are insufficient.  Total Sweeteners is the

14  entity that shipped molasses to American Licorice, and it should know what molasses it shipped.

15  If its records do not let it determine that fact, it cannot avoid that deficiency by making

16  allegations on information and belief.  All of the claims against Imperial fail for this reason.

17  **D.**    **Counts I and III Also Fail To State A Claim Because They Fail To Identify**

18        **The Alleged Agreements As They Are Required To Do.**

19      "A complaint which does not identify the contract and the facts constituting a breach of

20  the contract is insufficient to maintain a claim for breach of contract." *Frezza v. Google, Inc.*,

21  No. 5:12-cv-237, 2013 WL 1736788 at *2 (N.D. Cal. Apr. 22, 2013).  In *Park v. Morgan Stanley*

22  *& Co., Inc.*, No. 2:11-cv-9466, 2012 WL 589653 (C.D. Cal. Feb. 22, 2012), the Court held that it

23  was insufficient to make broad allegations that leave the defendant "to guess as to which

24  'agreement' was actually breached." *Id.* at *2.  In *McAfee v. Francis*, No. 5:11-cv-00821, 2011

25  WL 3293759, at *2 (N.D. Cal. Aug. 1, 2011), the Court dismissed breach of contract claims

26  because they failed to attach a copy of the agreement to the complaint, failed to plead the

27

-11-

NOTICE OF MOTION AND MOTION TO DISMISS
THE THIRD-PARTY COMPLAINT BY IMPERIAL
SUGAR COMPANY, IMPERIAL DISTRIBUTING,
INC., AND SAVANNAH SUGAR REFINERY

Case No. 3:13-CV-01929-EMC

28

1  essential terms of the agreement, failed to specify the essential terms of the agreements that were

2  allegedly breached, and failed to identify a contract date.  Those rulings follow from the

3  fundamental principle that a claim must allege sufficient facts to provide a "defendant fair notice

4  of what the  . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550

5  U.S. 544, 555 (2007).

6        Total Sweeteners attempts to base its first claim upon an alleged continuing guarantee

7  and its third claim upon an alleged indemnification agreement, but it fails to identify either as it

8  is required to do.  (*See* TPC ¶¶ 21-28, 37-47).  It does not attach a copy of either document to the

9  Third-Party Complaint.  (*See id.*).  It does not identify the date of the alleged documents.  (*See*

10  *id.*).  It does not identify any individual who allegedly sent or signed the documents or any

11  individual to whom they allegedly were sent or who signed them on receipt.  It has failed to

12  provide the necessary fair notice of the contents of the documents upon which it is purporting to

13  base its claim.

14        It thus is proper to dismiss claims one and three.

15      **E.**    **Count III Fails To State A Claim On Behalf of Total Sweeteners DBA**

16          **Batory.**

17        California law, like the law of other states, provides that a contract should be interpreted

18  to give meaning to all of its language without rendering any part of the contract superfluous.

19  California Civil Code § 1641 thus provides that "[t]he whole of a contract is to be taken together,

20  so as to give effect to every part, if reasonably practical, each clause helping to interpret the

21  other."

22        Here, the alleged indemnification agreement specifically lists several DBAs of Total

23  Sweeteners, but it does not list Batory as one of those DBAs.  In pertinent part, that agreement

24  allegedly refers to:

25        Total Sweeteners, Inc. (DBA Chicago Sweeteners, Sugar

26        Incentives, Quality Ingredients, LSI, Ingredients International) and

27                -12 -

28

NOTICE OF MOTION AND MOTION TO DISMISS
THE THIRD-PARTY COMPLAINT BY IMPERIAL
SUGAR COMPANY, IMPERIAL DISTRIBUTING,
INC., AND SAVANNAH SUGAR REFINERY

Case No. 3:13-CV-01929-EMC

1  its subsidiaries, affiliates, assigns and customers

2 (TPC ¶ 39).

3      The fact that the language quoted in the Third-Party Complaint lists specific DBAs but

4 does not list Batory as one of them means that Total Sweeteners DBA Batory is not covered by

5 the alleged indemnification agreement.  Any argument by Total Sweeteners that Batory should

6 be covered by the agreement as a DBA cannot be reconciled with the rule that no part of the

7 contract should be rendered superfluous.  If the parties had meant to cover every DBA used by

8 Total Sweeteners, then there would have been no need to specifically list the DBAs that they did

9 list.  This is a different situation than if the alleged agreement had been silent on the question of

10 whether DBAs are covered.  Because the alleged agreement specifically listed some DBAs, it

11 necessarily follows that DBAs that are not listed are not covered.

12      Total Sweeteners has failed to state a claim under the claimed express indemnification

13 agreement on behalf of Total Sweeteners DBA Batory.  That failure is crucial given Batory's

14 involvement in the underlying facts.

15 **F.    The Claims For Equitable/Implied Indemnity And Contribution Do Not**

16 **Contain The Necessary Allegations Of Facts Plausibly Suggesting The**

17 **Existence Of A Claim For Relief.**

18      Total Sweeteners has not alleged the required facts plausibly suggesting that it is entitled

19 to equitable/implied indemnity or contribution.

20      The claim for equitable/implied indemnity denies any liability to American Licorice but

21 states that if Total Sweeteners pays any amount to American Licorice "by way of settlement,

22 judgment, or otherwise", then:

23      **. . . [Total Sweeteners] is informed and believes that such**

24      **liability is due solely to the acts, omissions, negligence or other**

25      **fault of Imperial, Domino, and Roes 1 through 10**.  Therefore,

26      any liability of Total Sweeteners is vicarious, passive or derivative

27                                          -13 -

1    only, arising not from Total Sweeteners' acts or omissions, but

2    solely and proximately from the acts, breaches, and omissions of

3    Imperial, Domino, and ROES 1 through 10.

4  (TPC ¶ 61) (emphasis added).

5       The claim for contribution alleges that if American Licorice recovers against Total

6  Sweeteners, then "Total Sweeteners is entitled to contribution from Imperial, Domino, and

7  ROES 1 through 10, and each of them, for their respective share of any recovery of damages

8  American Licorice obtains from Total Sweeteners, in proportion to the comparative negligence

9  or fault of Imperial, Domino, and ROES 1 through 10, and each of them, in proximately causing

10  said damages."  (TPC ¶ 64).

11       Those allegations do not state a claim.  The information and belief allegations in the

12  claim for equitable/implied indemnity suffer from the defect discussed above.  The remaining

13  allegations consist of the type of conclusory and formulaic allegations that no longer suffice after

14  *Twombly* and *Iqbal*.  It is not enough for Total Sweeteners to opine that Imperial has engaged in

15  acts or omissions that Total Sweeteners believes should give rise to obligations for

16  indemnification or contribution.  Nor is it enough for Total Sweeteners to attach the labels

17  "negligence" or "other fault" or "comparative negligence."

18       There are no facts alleged plausibly suggesting that Imperial has engaged in conduct that

19  could give rise to an obligation for equitable/implied indemnity or contribution.  *See, e.g., Prince*

20  *v. Pacific Gas & Electric Co.*, 45 Cal. 4th 1151, 1166 (2009) (discussing elements of implied

21  indemnity under California law); *Coca-Cola Bottling Co. v. Lucky Stores, Inc.*, 11 Cal. App. 4th

22  1372, 1378 (1992) (discussing requirements for a contribution claim).  The claims thus fail as a

23  matter of law.

24       **G.**    **Total Sweeteners Fails To State A Claim For Declaratory Judgment.**

25       Total Sweeteners seeks a declaration that it is entitled to indemnification or contribution.

26  (TPC ¶¶ 66-72).  Because it already has been shown that Total Sweeteners fails to state a claim

27

-14-

28

1   for indemnification or contribution, its claim for declaratory relief fails.  Moreover, the Ninth

2   Circuit held in *Swartz v. KPMG*, 476 F.3d 756, 766 (9th Cir. 2007), that it was appropriate to

3   dismiss a declaratory judgment claim that was duplicative of other claims and sought a

4   declaration of a defendant's liability for damages sought by other causes of action.  That is the

5   case here.

6   **IV.     CONCLUSION**

7          The State of California has a special standard for lead content in candy frequently

8   consumed by small children, and American Licorice had to recall candy products because they

9   had lead levels exceeding the threshold set by the State of California for that candy.  Those

10  guidelines do not apply to molasses.  There is no allegation that Imperial was told that the

11  molasses in question was going to be used in candy.  The Third-Party Complaint fails to state

12  claims against Imperial.

13  Dated:  October 18, 2013                          LOMBARDI, LOPER & CONANT, LLP

14

15

16                                         By:      /s/ *Ralph A. Lombardi*

17                                                  RALPH A. LOMBARDI
                                                    and

18                                                  PATRICK E. BROOKHOUSER, JR.

19                                                  *(Pro Hac Vice application to be
                                                    submitted)*

20
                                                    MCGRATH NORTH MULLIN & KRATZ,
21                                                  PC LLO

22                                                  Attorneys for Third-Party Defendants
23                                                  Imperial Sugar Company, Imperial
                                                    Distributing, Inc., and Savannah Sugar
24                                                  Refinery

25

26

27                                        -15-

28

NOTICE OF MOTION AND MOTION TO DISMISS
THE THIRD-PARTY COMPLAINT BY IMPERIAL
SUGAR COMPANY, IMPERIAL DISTRIBUTING,
INC., AND SAVANNAH SUGAR REFINERY

Case No. 3:13-CV-01929-EMC