UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN LICORICE COMPANY,<br><br>   Plaintiff,<br><br>  v.<br><br>TOTAL SWEETENERS, INC., *individually and doing business as* BATORY FOODS, INC.,<br><br>   Defendant.<br>_____/ | No. C-13-1929 EMC<br><br>**ORDER RE SUPPLEMENTAL BRIEFING** |

On August 14, 2014, Defendant Total Sweeteners, Inc. filed a motion for summary judgment. In that motion, Defendant argues summary adjudication is appropriate with regards to the issue of whether the December 2011 Sales Contract, *see* FAC Ex. A, was lawfully modified by later Purchase Orders sent from Plaintiff to Defendant. FAC Ex. B; Docket No. 94.

Notwithstanding this Court's prior language stating that mutual assent to potentially modify the Sales Contract is an issue properly reserved for resolution by the jury, Docket No. 31, Defendant now cites *United States Surgical Corp. v. Orris, Inc.*, 5 F. Supp. 2d 1201 (D. Kan 1988) and *TRA Indus. v. Valspar Corp.*, 72 U.C.C. Rep. Serv. 2d 808 (W.D. Wash. 2010) for the proposition that a party's assent to a purported contract modification "cannot be inferred merely from a party's conduct in continuing with [an existing] agreement." *United States Surgical Corp.*, 5 F. Supp. 2d at 1206; *see also TRA Indus.*, 72 U.C.C. Rep. Serv. 2d 808 ("Actions taken in accordance with an existing contractual obligation cannot indicate assent to a modification thereof. For a party's course of performance to indicate assent to a modification, the performance must . . . differ from the

performance already required of the party by the existing contract.") (citing *Arizona Retail Sys. v. Software Link*, 831 F. Supp. 759 (D. Ariz. 1993); *Alaska Pacific Trading Co. v. Eagon Forest Prods.*, 933 P. 2d 417 (Wash. Ct. App. 1997)); *Wachter Mgmt. Co. v. Dexter & Chaney, Inc.*, 144 P. 3d 747, 755 (Kan. 2006) (holding that party's "actions in continuing the preexisting contract do not constitute express assent to the terms" contained in a later proposal to modify that contract); *Western Sky Indus. v. Colttech, LLC*, 69 U.C.C. Rep. Serv. 2d 566 (D. Kan 2009) ("The fact that a party continues in a contract after additional or different terms have been received by that party is not sufficient to establish consent to those additional or different terms.").

Plaintiff is hereby ordered to file a supplemental brief, not to exceed seven (7) pages in length, addressing the legal authorities cited above. Plaintiff should also provide the Court with contrary authority, if any, with particular emphasis on authority from courts interpreting or applying the relevant law(s) of California, Illinois, or Oregon. Plaintiff may not attempt to supplement the existing summary judgment record or otherwise put new facts before the Court. Plaintiff's supplemental brief is due no later than Tuesday, September 23, 2014.

IT IS SO ORDERED.

Dated: September 15, 2014

_____
EDWARD M. CHEN
United States District Judge

2